WEINBERG ZAREH MALKIN PRICE LLP
45 Rockefeller Plaza, 20th Floor
New York, New York 10111
Phone: 212-899-5470
Todd E. Duffy, Esq.
Adrienne Woods, Esq.
Email: tduffy@wzmplaw.com
awoods@wzmplaw.com

*Proposed Counsel to Debtor Dueto of Second Avenue, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| In re:<br><br>DUETO OF SECOND AVENUE, INC.[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 24-10708 (MEW) |
|---|---|

**DEBTOR'S MOTION FOR AN ORDER (I) ESTABLISHING
BAR DATES FOR FILING CLAIMS, AND (II) APPROVING
THE FORM AND MANNER OF NOTICE THEREOF**

Dueto of Second Avenue, Inc. ("**Dueto**"), debtor and debtor in possession in the above-captioned Chapter 11 case ("**Chapter 11 Case**"), by and through their proposed counsel, Weinberg Zareh Malkin Price LLP, as and for its motion ("**Motion**") for entry of an order, substantially in the form attached hereto as **Exhibit A** ("**Proposed Order**"): (i) establishing bar dates for filing of proofs of claim, including section 503(b)(9) claims and claims with a right of setoff, against Debtor pursuant to Rule 3003(c)(3) of the Federal Rules of Bankruptcy Procedure ("**Bankruptcy Rules**"), and (ii) approving the form and manner of notice thereof pursuant to Bankruptcy Rule 2002(a)(7), and upon the *Declaration of Julius Sosa in Support of Chapter 11 Petition and First Day*

---

[1] The last four digits of Debtor's federal tax identification number are 0646.

1

*Relief* ("**First Day Declaration**"), which was filed with the Court on April 25, 2024 [Docket No. 5] and incorporated by reference, respectfully represents:

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider the Application pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. Debtor consents to entry of a final judgment or order with respect to this Motion if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

3. The statutory predicates for the relief requested herein are sections 105(a), 501, 502(b)(9), and 503(b)(9) of title 11 of the United States Code §§ 101 *et seq*. (as amended, the "**Bankruptcy Code**"), Bankruptcy Rules 2002 and 3003, and Rules 2002–1 and 3003–1 of the Local Bankruptcy Rules for the Southern District of New York ("**Local Rules**").

## BACKGROUND

4. On April 25, 2024, ("**Petition Date**"), Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in this Court.

5. Debtor remains in possession of its assets and continues to manage its business as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. As of the date hereof, no examiner, or official committee of unsecured creditors have been appointed in Debtor's Chapter 11 Case.

6. Debtor is owned and operated by Julio Sosa, an individual residing in New York City.

7. Debtor is a hair salon located on Second Avenue in the borough of Manhattan.

8. Due to the challenges of the pandemic and its aftermath, Dueto faced a significant drop in customer traffic, leading to a decline in revenue. The economic downturn coming out of the Covid-19 pandemic, coupled with increased loan debt incurred to cure arrears on its leased premises, resulted in Debtor's need to seek relief.

## RELIEF REQUESTED

### I. Establishment of the Bar Dates

#### A. General Bar Date

1. Bankruptcy Rule 3003(c)(3) requires that the Court fix a time within which proofs of claim must be filed. Local Rule 3003–1 incorporates the *Procedural Guidelines for Filing Requests for Orders to Set the Last Date for Filing Proofs of Claims* ("**Procedural Guidelines**"), which provide that "the suggested Bar Date should be at least thirty-five (35) days after the mailing date and at least twenty- eight (28) days after the publication date …" Procedural Guidelines at ¶2.

2. Debtor requests that the Court establish **July 31, 2024 at 5:00 p.m. (EST) ("General Bar Date")**[2] as the deadline for filing (a) proofs of claim against any Debtor on account of prepetition unsecured or secured, priority, or nonpriority claims (as defined in section 101(5) of the Bankruptcy Code), (b) proofs of claim on account of claims arising under section 503(b)(9) of the Bankruptcy Code ("**503(b)(9) Claims**"), and (c) proofs of claims with a right of setoff (each a "**Setoff Claim**," collectively the "**Setoff Claims**") that any party could assert against any

---
[2] The proposed General Bar Date more than 35 days after the presentment date to provide time for service upon creditors.

Debtor.

3. After an order is entered approving this Motion ("**Bar Date Order**"), Debtor will serve a notice of the bar dates and a general proof of claim form upon all known entities holding potential claims subject to the Bar Dates. This will amount to no less than 35 days' actual notice of the Bar Dates.

4. Debtor submits that the notice period provided is sufficient to comply with the Bankruptcy Rules and Local Bankruptcy Rules in light of the proposed notice procedures set forth herein. Bankruptcy Rule 3003(c)(3) generally governs the filing of proofs of claim in chapter 11 cases and provides in pertinent part that "[t]he court shall fix and for cause shown may extend the time within which proofs of claim or interest may be filed." Fed. R. Bankr. P. 3003(c)(3). Although Bankruptcy Rule 2002(a)(7) generally provides that all parties in interest must receive, at a minimum, 21 days' notice of the time fixed for filing proofs of claim pursuant to Bankruptcy Rule 3003(c), and the Local Rules through the Procedural Guidelines suggest 35 days' notice, neither the Bankruptcy Code nor the Bankruptcy Rules specify a determinate time by which proofs of claim must be filed in chapter 11 cases, other than section 502(b)(9) of the Bankruptcy Code, which provides that governmental units shall have a minimum of 180 days after the entry of the order for relief to file proofs of claim.

5. Except as otherwise provided herein, the General Bar Date will apply to all claims of any kind that arose prior to the Petition Date, including 503(b)(9) Claims and Setoff Claims. The claims subject to the General Bar Date are referred to herein as "**General Claims**."

6. Unless they fall within one of the exceptions described below, the

General Bar Date is the date by which all entities holding prepetition General Claims must file proofs of claim with respect to such General Claims.

7. Debtor proposes that the filing of a proof of claim form be deemed to satisfy all procedural requirements for the assertion of administrative priority claims under section 503(b)(9) of the Bankruptcy Code.

### B. Government Bar Date

8. Pursuant to section 502(b)(9) of the Bankruptcy Code, a proof of claim filed by a governmental unit is deemed timely if it is filed within 180 days after the Petition Date. The Petition was filed on April 25, 2024. Accordingly, Debtor requests that this Court establish **October 22, 2024, at 5:00 p.m. (EST),** a date that is at least 180 days after the Petition Date, as the Governmental Bar Date in these cases. The Governmental Bar Date will apply to all governmental units holding claims against the Debtor (whether secured, unsecured priority, or unsecured nonpriority, and any claim for setoff of mutual debts) that arose prior to the Petition Date, including governmental units with claims against the Debtor for unpaid taxes, whether such claims arise from prepetition tax years or periods or prepetition transactions to which the Debtor was a party.

### C. Rejection Bar Date

9. Debtor anticipates that certain entities may assert claims in connection with rejection of executory contracts or unexpired leases pursuant to section 365 of the Bankruptcy Code. Debtor proposes that for any claim relating to rejection of an executory contract or unexpired lease pursuant to a Court order entered, or applicable notice filed, prior to confirmation of a plan of reorganization (a "**Rejection Order**"),

the Rejection Bar Date for such a claim will be the latter of (i) the General Bar Date, and (ii) 35 days after the entry of the relevant Rejection Order.

### D. Amended Schedules Bar Date

10. Debtor may need to amend or supplement its Schedules, including designation of any scheduled claim as disputed, contingent, or unliquidated. If the Debtor amends or supplements its Schedules, Debtor will give notice of any such amendment or supplement to the holders of claims affected thereby, including notice of the Amended Schedules Bar Date to file proofs of claim in response to the amendment or supplement to the Schedules. In particular, if Debtor amends or supplements its Schedules to reduce the undisputed, noncontingent, and liquidated amount, to change the nature or classification of a claim, or to add a new claim, any affected entities that dispute such changes must, by the Amended Schedules Bar Date, file a proof of claim or amend any previously filed proof of claim in respect of the amended scheduled claim in accordance with the procedures described herein. Debtor requests that the Amended Schedules Bar Date be established as the later of: (a) the General Bar Date; or (b) 35 days after the date that the notice of the applicable amendment or supplement to the Schedules is sent to the entity. Notwithstanding the foregoing, nothing contained herein shall preclude Debtor from objecting to any claim, whether scheduled or filed, on any grounds.

## II. Proofs of Claims that Must be Filed by the General Bar Date

11. Subject to the terms described above for holders of claims subject to the Governmental Bar Date, Rejection Bar Date, and the Amended Schedules Bar Date,

Debtor proposes that the following entities be required to file proofs of claim on or before the General Bar Date:

> a. any entity (i) whose prepetition claim against the Debtor is not listed in the Schedules or is listed as disputed, contingent, or unliquidated, and (ii) that desires to share in any distribution in these chapter 11 cases; and
>
> b. any entity that believes that its prepetition claim is improperly classified in the Schedules or is listed in an incorrect amount and that desires to have its claim allowed in a classification or amount different from the classification or amount identified in the Schedules.

### III. Proofs of Claim Not Required to be Filed by the General Bar Date

12. Debtor proposes the following entities, whose claims otherwise would be subject to the General Bar Date or the Governmental Bar Date, need not file proofs of claim:

> a. any entity that already has filed a signed proof of claim against the Debtor in a form substantially similar to Official Bankruptcy Form No. B 410 with the Clerk of the Bankruptcy Court for the Southern District of New York;
>
> b. any entity (i) whose claim against the Debtor is not listed as disputed, contingent, or unliquidated in the Schedules, and (ii) which agrees with the nature, classification, and amount of its claim as identified in the Schedules; and
>
> c. any entity whose claim against the Debtor previously has been allowed by, or paid pursuant to, an order of the Court.

### IV. Administrative Expense Claims Not Required to be Filed

13. Administrative expense claims[3] will be paid by Debtor in the ordinary course of business and claimholders need not file proofs of claim. For the avoidance

---

[3] As used in this motion, the term "administrative expense claim" means a claim for costs or expenses of administration allowed under sections 503(b), 507(b), or 1114(e)(2) of the Bankruptcy Code, excluding claims under section 503(b)(9) and 503(b)(1)(D) of the Bankruptcy Code.

of doubt, Debtor proposes the following holders would not be required to file a proof of claim on account of any administrative expense claim:

> a. any party that has already properly filed an administrative expense claim that clearly sets forth that such party is asserting an administrative expense claim;
> b. any party whose administrative expense claim has been allowed by a prior order of the Court;
> c. any professional advisor (e.g., attorneys, financial advisors, accountants, claims agents) whose administrative expense claim is for compensation for legal, financial advisory, accounting, and other services and reimbursement of expenses awarded or allowed under sections 330(a), 331, or 503 of the Bankruptcy Code; and
> d. governmental entities holding claims covered by section 503(b)(1)(B), (C), or (D) of the Bankruptcy Code.

## V. Procedures for Providing Notice of and Filing Proofs of Claim

14. Debtor proposes the following procedures for providing notice of the Bar Dates and for filing proofs of claim with respect to General Claims. Debtor shall serve the following on all entities known to potentially hold prepetition General Claims: (a) a notice of the Bar Dates substantially in the form of the notice attached hereto as **Exhibit B** and incorporated herein by reference ("**Bar Date Notice**"); and (b) a proof of claim form substantially in the form attached as **Exhibit C** ("**Proof of Claim Form**"); (collectively with the Bar Date Notice and the Proof of Claim Form, "**Bar Dates Notice Package**").

15. As soon as practicable, but no later than three (3) business days after the entry of the Bar Date Order, Debtor intends to mail the Bar Dates Notice Package by first-class United States mail to: (a) all holders of claims or potential claims listed in the Schedules; (b) the U.S. Trustee; (c) the Subchapter V Trustee; (d) all parties that

have requested notice in these cases pursuant to Bankruptcy Rule 2002 as of the date of the entry of the Bar Dates Order; (e) all counterparties to executory contracts and unexpired leases of Debtor listed in the Schedules; (f) all parties to litigation with Debtor, if any; (g) the Internal Revenue Service and all other taxing authorities for the jurisdictions in which Debtor conducts business; (h) all other entities listed on Debtor's matrix of creditors; and (i) counsel to any of the foregoing, if known.

16. For any claim to be validly and properly filed, a claimant must submit a completed, signed original of the Proof of Claim Form together with any accompanying documentation required by Bankruptcy Rules 3001(c) and 3001(d), so as to be actually received no later than 5:00 p.m. (EST) on the applicable Bar Date, to the Clerk of the Bankruptcy Court (a) at the address identified on the Bar Dates Notice, or (b) electronically, using the Court's case filing system (the User's Manual for the Electronic Case Filing System can be found at http://www.nysb.uscourts.gov). All filed Proof of Claim Forms must: (a) be written in English; (b) be denominated in lawful currency of the United States; and (c) conform substantially with the Proof of Claim Form.

17. Debtor proposes that claimants be permitted to submit Proof of Claim Forms by mail or overnight delivery. Proof of Claim Forms submitted by facsimile or e-mail will not be accepted. Proof of Claim Forms will be deemed filed when actually received by the Clerk of the Bankruptcy Court.

**VI. Effect of Failure to File a Proof of Claim Form**

18. Debtor proposes that entities that fail to properly file a Proof of Claim Form by the applicable Bar Date, including a Proof of Claim with respect to a

503(b)(9) Claim or a Setoff Claim, be forever barred, estopped, and enjoined from: (a) asserting any prepetition claim against any Debtor that such entity may possess and that (i) is in an amount that exceeds the amount, if any, that is identified in the Schedules on behalf of such entity as undisputed, noncontingent, and liquidated, or (ii) is of a different nature, classification, or priority than any claim identified in the Schedules on behalf of such entity (any claim under this subparagraph (a) being referred to herein as an "**Unscheduled Claim**"); and (b) voting upon, or receiving distributions under, any Chapter 11 plan in these cases in respect of an Unscheduled Claim.

## NOTICE

19. Debtor will provide notice of this Motion to the following parties and/or their respective counsel, as applicable: (i) the Office of the United States Trustee for the Southern District of New York, (ii) the Subchapter V trustee, (iii) Debtor's known creditors; and (iv) any such other party entitled to notice pursuant to Local Rule 9013–1(b) or that requests notice pursuant to Bankruptcy Rule 2002. Debtor submits that, in light of the nature of the relief requested, no other or further notice need be given.

## NO PRIOR REQUEST

20. No prior request for the relief sought herein has been made to this Court or any other court.

## CONCLUSION

By this Motion, Debtor seeks entry of an order (i) establishing the bar dates proposed herein for the filing of proofs of claim, including section 503(b)(9)

claims and claims with a right of setoff, against the Debtor pursuant to Rule 3003(c)(3) of the Federal Rules of Bankruptcy Procedure, (ii) approving the form and manner of notice thereof pursuant to Bankruptcy Rule 2002(a)(7), and (iii) for such other and further relief as to this Court seems proper and just.

Dated: New York, New York
      May 24, 2024

WEINBERG ZAREH MALKIN PRICE LLP

By: */s/ Todd E. Duffy*
Todd E. Duffy, Esq.
Adrienne Woods, ESQ.
45 ROCKEFELLER PLAZA, 20TH FLOOR
NEW YORK, NEW YORK 10111
PHONE: 212-899-5470
Email: awoods@wzmplaw.com
Email: tduffy@wzmplaw.com

PROPOSED COUNSEL FOR DUETO SECOND AVENUE, INC.