**EXHIBIT A**

**PROPOSED ORDER**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>DUETO OF SECOND AVENUE, INC.[1]<br><br>               Debtor. | Chapter 11<br><br>Case No. 24-10708 (MEW) |

## ORDER (I) ESTABLISHING BAR DATES FOR FILING CLAIMS AND (II) APPROVING THE FORM AND MANNER OF NOTICE THEREOF

This matter coming before the Court on *Debtor's Motion For an Order (i) Establishing Bar Dates for Filing Claims, and (ii) Approving the Form and Manner of Notice Thereof* ("**Motion**"), filed by the above-captioned debtor and debtor-in-possession ("**Debtor**"); and the Court having reviewed the Motion and having heard the statements of counsel regarding the relief requested in the Motion; and the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and (c) notice of this Motion and the Hearing was sufficient under the circumstances; and that this Court may enter a final order consistent with Article III of the United States Constitution; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein;

IT IS HEREBY ORDERED THAT:

a)  The Motion is **GRANTED** on the terms set forth herein.

b)  The forms of the Bar Date Notice[2] and the Proof of Claim Form, and the manner of providing notice of the Bar Dates proposed in the Motion, are approved in all

---

[1] The last four digits of Debtor's federal tax identification number are 0646.

[2] Capitalized terms not otherwise defined in this Order shall have the meanings ascribed to them in the Motion.

respects. The form and manner of notice of the Bar Dates approved herein satisfy the notice requirements of the Bankruptcy Code and the Bankruptcy Rules. As such, Debtor is authorized to serve the Bar Dates Notice Package in the manner described below.

**THE FOLLOWING BAR DATES ARE ESTABLISHED IN THIS CASE**

**The General Bar Date**. Except as described below, **July 31, 2024 at 5:00 p.m. (EST)** is hereby established as the general bar date ("**General Bar Date**"), the deadline for filing proofs of claim against any Debtor (a) on account of prepetition unsecured or secured, priority, or nonpriority claims (as defined in section 101(5) of the Bankruptcy Code), (b) proofs of claim on account of claims arising under section 503(b)(9) of the Bankruptcy Code ("**503(b)(9) Claims**"), and (c) proofs of claims with a right of setoff (a "**Setoff Claim**").

**The Governmental Bar Date**. Except as described below, all governmental units holding claims (whether secured, unsecured, priority, or unsecured nonpriority, including claims arising under section 503(b)(9) of the Bankruptcy Code and any Setoff Claims) against any Debtor that arose before the Petition Date must file proofs of claim by **October 22, 2024, at 5:00 p.m. (EST), ("Governmental Bar Date")**.

**The Rejection Bar Date**. Any entity whose claims arise out of the Court-approved rejection of an executory contract or unexpired lease, in accordance with section 365 of the Bankruptcy Code and pursuant to an order entered prior to the confirmation of a plan in these chapter 11 cases, must file a proof of claim **on or before the later of (i) the General Bar Date, and (ii) 35 days after the entry of the order providing for the rejection of such executory contract or unexpired lease.**

**The Amended Schedules Bar Date**. If, subsequent to the mailing date of the Bar Date Notice, Debtors further amends or supplements their Schedules to reduce the

undisputed, noncontingent, and liquidated amount or to change the nature or classification of a claim against any Debtor reflected therein, any affected entities that dispute such changes are required to file a proof of claim or amend any previously filed proof of claim in respect of the amended scheduled claim **on or before the later of: (i) the General Bar Date; and (ii) 35 days after the date that notice of the applicable amendment to the Schedules is served on the claimant.**

Subject to terms described above for holders of claims subject to the Governmental Bar Date, Rejection Bar Date, and the Amended Schedules Bar Date, the following entities must file proofs of claim on or before the General Bar Date:

a) any entity (i) whose prepetition claim against any Debtor is not listed in the Schedules or is listed as disputed, contingent, or unliquidated, and (ii) that desires to share in any distribution in these chapter 11 cases; and

b) any entity that believes that its prepetition claim is improperly classified in the Schedules or is listed in an incorrect amount and that desires to have its claim allowed in a classification or amount different from the classification or amount identified in the Schedules.

The following entities, whose claims otherwise would be subject to the General Bar Date or the Governmental Bar Date, need not file claims in these cases:

a) any entity that already has filed a signed proof of claim against the correct Debtor in a form substantially similar to Official Bankruptcy Form No. B 410 with the Clerk of the Bankruptcy Court for the Southern District of New York;

b) any entity (i) whose claim against the correct Debtor is not listed as disputed, contingent, or unliquidated in the Schedules, and (ii) which agrees with the nature, classification, and amount of its claim as identified in the Schedules; and

c) any entity whose claim against the correct Debtor previously has been allowed by, or paid pursuant to, an order of the Court.

In addition, the following holders are not required to file administrative

expense claims:

a) any party that has already properly filed an administrative expense claim that clearly sets forth that such party is asserting an administrative expense claim;

b) any party whose administrative expense claim has been allowed by a prior order of the Court;

c) any professional advisor (e.g., attorneys, financial advisors, accountants, claims agents) whose administrative expense claim is for compensation for legal, financial advisory, accounting, and other services and reimbursement of expenses awarded or allowed under sections 330(a), 331, or 503 of the Bankruptcy Code; and

d) governmental entities holding claims covered by section 503(b)(1)(B), (C), or (D) of the Bankruptcy Code.

## PROCEDURES FOR FILING PROOFS OF CLAIM

The following procedures for the filing of a Proof of Claim Form shall apply:

a) Parties asserting a General Claim must use (a) a Proof of Claim Form substantially in the form attached as **Exhibit C** to the Motion, or (b) a Proof of Claim Form that is obtained from the U.S. Courts' website at http://www.uscourts.gov/forms/bankruptcy-forms#official (Form B410 and appropriate attachments).

b) A Proof of Claim is deemed to be timely filed only if it is **actually received** by the Clerk of the Court by the applicable Bar Date as follows:

   i. Electronically, using the Court's case filing system (the User's Manual for the Electronic Case Filing System can be found at http://www.nysb.uscourts.gov),

   ii. By overnight courier or USPS First Class mail to:

   Clerk's Office
   US Bankruptcy Court
   Southern District of New York
   One Bowling Green
   New York, NY 10004-1408

   iii. By hand delivery to:

      Clerk's Office
      US Bankruptcy Court
      Southern District of New York
      One Bowling Green
      New York, NY 10004-1408

**PROOFS OF CLAIM SUBMITTED BY FACSIMILE OR ELECTRONIC MAIL WILL NOT BE ACCEPTED.**

  a) Forms will be collected, docketed, and maintained by the Clerk of the Bankruptcy Court.

  b) All forms must be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant. The form must be written in English and be denominated in United States currency. Any documents on which the claim is based should be attached to the completed form (or, if such documents are voluminous, a summary should be attached) or an explanation as to why the documents are not available.

  c) Each Proof of Claim must clearly identify the Debtor against which a claim is being asserted, including the individual Debtor's case number. A Proof of Claim identifying more than one Debtor will be deemed filed only against the first Debtor listed in the Proof of Claim.

Debtor shall retain the right to: (a) dispute, or assert offsets or defenses against, any filed proofs of claim, or any claim listed or reflected in the Schedules, as to nature, amount, liability, classification, or otherwise; (b) subsequently designate any scheduled claim as disputed, contingent, or unliquidated; and (c) otherwise amend or supplement the Schedules. If Debtor subsequently amends or supplement the Schedules, Debtor shall give notice of any such amendment or supplement to the holders of claims affected thereby, including notice of the Amended Schedules Bar Date to file proofs of claim in response to the amendment or supplement to the Schedules.

In particular, if Debtor further amends or supplement the Schedules to reduce the undisputed, noncontingent, and liquidated amount, to change the nature or classification of a claim against Debtor or to add a new claim in the Schedules, any affected entities that dispute such changes must file a proof of claim or amend any previously filed proof of claim in respect of the amended scheduled claim or amend any previously filed proof of claim in respect of the amended scheduled claim in accordance with the procedures described herein by the Amended Schedules Bar Date. Notwithstanding the foregoing, nothing contained herein shall preclude Debtor from objecting to any claim, whether scheduled or filed, on any grounds.

**ENTITIES THAT FAIL TO PROPERLY FILE A PROOF OF CLAIM FORM BY THE APPLICABLE BAR DATE, SHALL BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM: (A) ASSERTING ANY PREPETITION CLAIM AGAINST DEBTOR THAT SUCH ENTITY MAY POSSESS AND THAT (I) IS IN AN AMOUNT THAT EXCEEDS THE AMOUNT, IF ANY, THAT IS IDENTIFIED IN THE SCHEDULES ON BEHALF OF SUCH ENTITY AS UNDISPUTED, NONCONTINGENT, AND LIQUIDATED, OR (II) IS OF A DIFFERENT NATURE, CLASSIFICATION, OR PRIORITY THAN ANY CLAIM IDENTIFIED IN THE SCHEDULES ON BEHALF OF SUCH ENTITY (ANY SUCH CLAIM UNDER THIS SUBPARAGRAPH (A) BEING REFERRED TO HEREIN AS "UNSCHEDULED CLAIM"); AND (B) VOTING UPON, OR RECEIVING DISTRIBUTIONS UNDER, ANY CHAPTER 11 PLAN IN THESE CASES IN RESPECT OF AN UNSCHEDULED CLAIM.**

As soon as practicable, but no later than three (3) business days after the entry

of the Bar Date Order, Debtor shall serve the Bar Dates Notice Package by First Class United States mail to: (a) all holders of claims or potential claims listed in the Schedules; (b) the U.S. Trustee; (c) the Subchapter V Trustee; (d) all parties that have requested notice in these cases pursuant to Bankruptcy Rule 2002 as of the date of the entry of the Bar Dates Order; (e) all counterparties to executory contracts and unexpired leases with Debtor listed in the Schedules; (f) all parties to litigation with Debtor, if any; (g) the Internal Revenue Service and all other taxing authorities for the jurisdictions in which Debtor conducts business, if applicable; (h) all other entities listed on Debtor's consolidated matrix of creditors; and (i) counsel to any of the foregoing, if known.

Any entity that relies on the information in the Schedules will bear responsibility for determining that its claim is accurately listed therein.

Debtor is authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this order.

The entry of this Order is without prejudice to the right of Debtor to seek a further order of this Court fixing a date by which holders of claims or interests not subject to the Bar Dates established herein must file proofs of claim or interest.

This Court shall retain jurisdiction over all matters arising from or related to the implementation or interpretation of this Order.

Dated: New York, New York
\_\_\_\_\_ \_\_, 2024

_____
HON. MICHAEL E. WILES
UNITED STATES BANKRUPTCY JUDGE