**EXHIBIT B**

**NOTICE OF BAR DATE**

WEINBERG ZAREH MALKIN PRICE LLP
45 ROCKEFELLER PLAZA, 20TH FLOOR
NEW YORK, NEW YORK 10111
PHONE: 212-899-5470
Todd E. Duffy, Esq.
Adrienne Woods, Esq.
Email:  tduffy@wzmplaw.com
        awoods@wzmplaw.com
*Proposed Counsel to Debtor Dueto of Second
Avenue, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>DUETO OF SECOND AVENUE, INC.[1]<br><br>                Debtor. | Chapter 11<br><br>Case No. 24-10708 (MEW) |

<u>**NOTICE OF BAR DATES FOR FILING CLAIMS**</u>

TO ALL CREDITORS OF THE ABOVE-CAPTIONED DEBTOR AND
DEBTOR- IN-POSSESSION:

On April 25, 2024 ("**Petition Date**"), Dueto of Second Avenue, Inc. ("**Debtor**")

commenced these cases by filing a voluntary petition  for relief under Subchapter V of

Chapter 11 of Title 11 of the United States Code, §§ 101 *et seq*. (as amended,

"**Bankruptcy Code**").

On _____ __, 2024, the United States Bankruptcy Court for the Southern

District of New York ("**Court**") entered an order ("**Bar Date Order**") in Debtor's

Chapter 11 case establishing certain claims bar dates as set forth below.

Pursuant to the Bar Date Order, the Court has established **July 31, 2024, at**

**5:00 p.m. (EST)** as the general bar date ("**General Bar Date**") for filing claims that

arose prior to Debtor's Petition Date, including secured claims, unsecured priority

---

[1] The last four digits of Debtor's federal tax identification number are 0646.

claims, unsecured nonpriority claims, claims against any Debtor arising under section 503(b)(9) of the Bankruptcy Code, and claims with a right of setoff. Proofs of claim of governmental units must be filed by **November 4, 2024, at 5:00 p.m. (EST)**

As used in this notice, the term "claim" has the meaning provided in section 101(5) of the Bankruptcy Code and means, as to or against any Debtor and in accordance with section 101(5) of the Bankruptcy Code: (i) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (ii) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

As used in this notice, the term "governmental unit" has the meaning attributed to it in Bankruptcy Code section 101(27) and includes the United States, states, commonwealths, districts, territories, municipalities, foreign states or departments, agencies or instrumentalities of the foregoing.

## THE BAR DATES

The Bar Date Order establishes the following bar dates for filing claims in these cases (the collectively, "**Bar Dates**"):

**The General Bar Date**. Pursuant to the Bar Date Order, except as described below, all entities holding claims (whether secured, unsecured, priority, or unsecured nonpriority, including claims arising under section 503(b)(9) of the Bankruptcy Code and claims secured by a right of setoff ("**Setoff Claim**")) against any Debtor that arose before Debtor's Petition Date must file proofs of claim by the General Bar Date— **July 31, 2024, at 5:00 p.m. (EST)**. The claims subject to the General Bar Date are referred to herein as "**General Claims**."

**The Governmental Bar Date**. Pursuant to the Bar Date Order, except as described below, all governmental units holding claims (whether secured,

unsecured, priority, or unsecured nonpriority, including claims arising under section 502(b)(9) of the Bankruptcy Code and any Setoff Claim) against any Debtor that arose before the Petition Date must file proofs of claim by the Governmental Bar Date— **October 22, 2024, at 5:00 p.m. (EST)**.

**The Rejection Bar Date**. Any entity whose claims arise out of the Court- approved rejection of an executory contract or unexpired lease, in accordance with section 365 of the Bankruptcy Code and pursuant to an order entered prior to or concurrent with the confirmation of a plan in these chapter 11 cases, must file a proof of claim on or before the later of (i) the General Bar Date, and (ii) 35 days after the entry of the order providing for the rejection of such executory contract or unexpired lease. The later of these dates is referred to in this notice as the "**Rejection Bar Date**."

**The Amended Schedules Bar Date**. If, subsequent to the mailing date of this notice, Debtor further amends or supplements their Schedules of Assets and Liabilities ("**Schedules**") to reduce the undisputed, noncontingent, and/or liquidated amount or to change the nature or classification of a claim against any Debtor reflected therein, any affected entities that dispute any changes are required to file a proof of claim or amend any previously filed proof of claim in respect of the amended scheduled claim on or before the later of: (i) the General Bar Date; and (ii) 35 days after the date that notice of the applicable amendment to the Schedules is served on the claimant. The later of these dates is referred to in this notice as the "**Amended Schedule Bar Date**."

## FILING CLAIMS

## WHO MUST FILE

Subject to terms described above for holders of claims subject to the Governmental Bar Date, Rejection Bar Date, and the Amended Schedules Bar Date, the following entities **must** file proofs of claim on or before the General Bar Date:

a) any entity (i) whose prepetition claim against any Debtor is not listed in the Schedules or is listed as disputed, contingent, or unliquidated, and (ii) that desires to share in any distribution in these Chapter 11 cases; and

b) any entity that believes that its prepetition claim is improperly classified in the Schedules or is listed in an incorrect amount and that desires to have its claim allowed in a classification or amount different from the classification or amount identified in the Schedules.

## WHAT TO FILE

## Prepetition Claims

Parties asserting claims against any Debtor that arose before the Petition Date,

including claims arising under section 503(b)(9) of the Bankruptcy Code, may use the copy of the proof of claim form ("**Proof of Claim Form**") included with this notice. Blank Proof of Claim forms may be obtained from the U.S. Courts website at http://www.uscourts.gov/forms/bankruptcy-forms#official (Form B410 and appropriate attachments).

## <u>WHEN AND WHERE TO FILE</u>

A Proof of Claim is deemed to be timely filed only if it is **actually received** by the Clerk of the Court by the applicable Bar Date as follows:

    a) Electronically, using the Court's case filing system (the User's Manual for the Electronic Case Filing System can be found at http://www.nysb.uscourts.gov);

    b) By overnight courier or USPS First Class mail to:

> Clerk's Office
> US Bankruptcy Court
> Southern District of New York
> One Bowling Green
> New York, NY 10004-1408

    c) By hand delivery to:

> Clerk's Office
> US Bankruptcy Court
> Southern District of New York
> One Bowling Green
> New York, NY 10004-1408

## <u>PROOFS OF CLAIM SUBMITTED BY FACSIMILE OR ELECTRONIC MAIL WILL NOT BE ACCEPTED.</u>

Forms will be collected, docketed, and maintained by the Clerk of the Bankruptcy Court.

All forms must be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant. The form must be written in English and be

denominated in United States currency. Any documents on which the claim is based should be attached to the completed form (or, if such documents are voluminous, a summary should be attached) or an explanation as to why the documents are not available.

Each Proof of Claim must clearly identify the Debtor against which a claim is being asserted, including the individual Debtor's case number. A Proof of Claim filed under the joint administration case number, or otherwise without identifying a specific Debtor, will be deemed invalid.

## ENTITIES NOT REQUIRED TO FILE A CLAIM

The Bar Date Order further provides that the following entities, whose claims otherwise would be subject to the General Bar Date or the Governmental Bar Date, need not file claims in this case:

  a) any entity that already has filed a signed proof of claim against the correct Debtor in a form substantially similar to Official Bankruptcy Form No. B 410 with the Clerk of the Bankruptcy Court for the Southern District of New York;
  b) any entity (i) whose claim against the correct Debtor is not listed as disputed, contingent, or unliquidated in the Schedules, and (ii) which agrees with the nature, classification, and amount of its claim as identified in the Schedules; and
  c) any entity whose claim against the correct Debtor previously has been allowed by, or paid pursuant to, an order of the Court.

In addition, the Bar Date Order provides that the following holders not be required to file administrative expense claims:

  a) any party that has already properly filed an administrative expense claim that clearly sets forth that such party is asserting an administrative expense claim;
  b) any party whose administrative expense claim has been allowed by a prior order of the Court;
  c) any professional advisor (e.g., attorneys, financial advisors, accountants, claims agents) whose administrative expense claim is for compensation for legal, financial advisory, accounting, and other services and reimbursement of expenses awarded or allowed under sections 330(a),

331, or 503 of the Bankruptcy Code; and

d) governmental entities holding claims covered by section 503(b)(1)(B), (C), or (D) of the Bankruptcy Code.

## CONSEQUENCES OF FAILURE TO FILE A CLAIM

**ENTITIES THAT FAIL TO PROPERLY FILE A PROOF OF CLAIM FORM BY THE APPLICABLE BAR DATE SHALL BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM: (A) ASSERTING ANY GENERAL CLAIM AGAINST ANY DEBTOR THAT SUCH ENTITY MAY POSSESS AND THAT (I) IS IN AN AMOUNT THAT EXCEEDS THE AMOUNT, IF ANY, THAT IS IDENTIFIED IN THE SCHEDULES ON BEHALF OF SUCH ENTITY AS UNDISPUTED, NONCONTINGENT, AND LIQUIDATED, OR (II) IS OF A DIFFERENT NATURE, CLASSIFICATION, OR PRIORITY THAN ANY CLAIM IDENTIFIED IN THE SCHEDULES ON BEHALF OF SUCH ENTITY (ANY SUCH CLAIM UNDER THIS SUBPARAGRAPH (A) BEING REFERRED TO HEREIN AS AN "UNSCHEDULED CLAIM"); AND (B) VOTING UPON, OR RECEIVING DISTRIBUTIONS UNDER, ANY CHAPTER 11 PLAN IN THESE CASES IN RESPECT OF AN UNSCHEDULED CLAIM.**

## ADDITIONAL INFORMATION

If you require additional information regarding the filing of a claim, you may contact the Clerk of the Bankruptcy Court for the Southern District of New York. Copies of the Bar Date Order and other information regarding Debtor's Chapter 11 case is available for inspection on PACER (https://ecf.nysb.uscourts.gov/) or at the Southern District of New York United States Bankruptcy Court, One Bowling Green, New York, NY 10004. The Clerk of the Bankruptcy Court cannot advise you how to file, or whether you should file, a claim. You may wish to consult an attorney regarding this matter.

Dated: New York, New York  
        \_\_\_\_ \_\_\_, 2024

WEINBERG ZAREH MALKIN PRICE LLP

By: */s/ Todd E. Duffy*  
Todd E. Duffy, Esq.  
Adrienne Woods, Esq.  
45 Rockefeller Plaza, 20th Floor  
New York, New York 10111  
Phone: 212-899-5470  
Email: awoods@wzmplaw.com  
Email: tduffy@wzmplaw.com  
*Proposed Counsel for Dueto of Second Avenue, Inc.*